**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00643-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Bobby Lee Seely, Jr., | |
| Defendant. | |

Before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10 (Doc. 159) and Defendant's Motion for Reduction of Criminal Sentence pursuant 18 U.S.C. § 3582(c)(2) and Policy Set Forth in U.S.S.G. § 1B1.10 and the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a) (Doc. 162). The motions have been fully briefed and for the reasons set forth herein are denied. Additionally, the Court denies as moot Defendant's Motion to Appoint Counsel.[1] (Doc. 171.)

**I.     Background**

On November 29, 2021, on the first day of trial, Defendant entered into a plea agreement. (Doc. 123.) Pursuant to the plea agreement, Defendant pled guilty to one count of making a false statement in conjunction with an attempted purchase of a firearm under

---

[1] On April 26, 2024, pursuant to General Order 23-20, the Federal Public Defender screened Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 and found no basis for appointment of counsel. (Doc. 160.)

18 U.S.C. §§ 922(a)(6) and 924(a)(2). (Doc. 84.) The plea agreement provided that the other charges would be dismissed and that the government would recommend that Defendant's sentence not exceed the mid-range of the sentencing guidelines. (*Id*. at ¶ 3.a.)

The plea agreement further provided that by entering into the agreement, Defendant would be giving up his rights to appeal and to collaterally attack the conviction or sentence. During the change of plea colloquy, the Court twice questioned Defendant about whether he understood that he was giving up his review rights. (Doc. 145, R.T. 11/29/21, at 9, 18-19.) Defendant was told: "[Y]ou cannot in the future attack the validity or correctness of this conviction or sentence in another court." (*Id.* at 9.) He was again specifically told, "And you're also giving up . . . the right to file . . . any other motion that challenges . . . any aspect of your sentence, including . . . any right to file a motion for modification of sentence including under 18 U.S.C. § 3582(C)". (*Id.* at 18-19.) In both instances, when asked whether he understood, Defendant clearly articulated that he did. (*Id.* at 9, 18-19.)

Prior to sentencing, a presentence report ("PSR") was prepared which calculated Defendant's Offense Level as 22 and his Criminal History Category as V. The resulting guideline incarceration range was 77–96 months. (Doc. 115, ¶¶ 32, 59.) In the Criminal History Category calculation, Defendant was given ten criminal history points based on his prior convictions and was given an additional two points because he was under another criminal justice sentence when he committed the offense. (Doc. 115 ¶¶ 57–59.) His total criminal history points were 12, putting him in CHC V. This Court adopted the calculations in the PSR and imposed a below-mid-range sentence of 80 months. (Docs. 124, 125.)

**II.   U.S.S.G. Amendment 821**

The Sentencing Commission ordered that two recent amendments to the Sentencing Guidelines apply retroactively. The retroactive application of the amendments gives district courts discretion to reduce the sentences of previously sentenced inmates. U.S.S.G. Amend. 821 (2023); U.S.S.G. § lBl.l0(d). First, amended U.S.S.G § 4Al.l(e) reduces the number of criminal history points previously added to the criminal history calculation for defendants who commit an offense while under another criminal sentence. U.S.S.G.

Amend. 821, part A. Second, U.S.S.G. § 4Cl.1 reduces the offense level for defendants who have no criminal history points and meet other enumerated criteria. *Id.*, part B, subpart 1.

Under 18 U.S.C. § 3582(c)(2), the sentencing Court has discretion to reduce a term of imprisonment for eligible defendants in these two instances after first considering the sentencing factors in 18 U.S.C. § 3553 and the policy statements issued by the Sentencing Commission. *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (outlining two-step approach to sentence reduction under § 3582(c)(2): eligibility analysis followed by exercise of discretion in evaluating sentencing factors under 18 U.S.C. § 3553); *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (applying *Dillon*).

In this case there are two reasons why U.S.S.G. Amendment 821 will not assist Defendant in his effort to receive a reduced sentence. First, Defendant waived his statutory right to seek a sentence modification. The terms of his plea agreement provide that he waived his statutory right to file any "motion that challenges . . . any aspect of the defendant's sentence, including the manner in which the sentence is determined, including . . . any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)." (Doc. 123 ¶ 6.) This provision applies to Defendant's current motions, which are brought under 18 U.S.C. § 3582(c)(2).

When a plea agreement is otherwise valid and a defendant is aware of and expressly waives review rights, the waiver is knowing and voluntary—and it is binding. *See United States v. Medina-Carrasco*, 815 F.3d 457, 459 (9th Cir. 2016) (upholding waiver covering "any aspect of the defendant's sentence—including the manner in which the sentence is determined and any sentencing guideline determinations . . . and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)"—because waiver was valid and enforceable); *United States v. Malone,* 503 F. App'x 499, 500 (9th Cir. 2012) (recognizing binding nature of defendant's waiver of right to seek sentence reduction under 18 U.S.C. § 3582(c)(2) in plea agreement); *United States v. Villa-Luna,* CR 17-1764-001-TUC-CKJ, 2024 WL 1240289 (D. Ariz. Mar. 22, 2024) (applying standard plea agreement

waiver provision to motion for sentence reduction under Amendment 821).

At the change of plea proceeding, the Defendant specifically acknowledged that by pleading guilty pursuant the plea agreement, he was waiving his review rights, including the right to seek the very sentence reduction he now requests.

The second reason that U.S.S.G. Amendment 821 will not assist Defendant in his effort to receive a reduced sentence is because the retroactive application of the status points amendment, U.S.S.G § 4A1.1(e), would not result in a change to Defendant's Criminal History Category or sentencing guidelines range. Under amended subsection (e), Defendant would receive one additional criminal history point rather than two, reducing his total criminal history points from 12 to 11. With 11 criminal history points, Defendant would still have the same CHC of V—which applies when there are 10, 11, or 12 criminal history points. Thus, no reduction in his sentence is available. *See* U.S.S.G. § 1B1.10(a)(2) (providing that sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range"). In sum, Defendant acknowledged what rights he was waiving, and he has made no challenge to the validity of the plea agreement. Accordingly, this Court will apply the plea agreement's waiver provision here.[2]

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10 (Doc. 159) and Defendant's Motion for Reduction of Criminal Sentence pursuant 18 U.S.C. § 3582(c)(2) and Policy Set Forth in United States Sentencing Guidelines § 1B1.10 and the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a) (Doc. 162) are **DENIED**.

//

//

//

//

---

[2] The Ninth Circuit has held that it will not apply an appellate waiver provision if it would result in a miscarriage of justice. *E.g.*, *United States v. Jacobo Castillo,* 496 F.3d 947, 957 (9th Cir. 2007). That is not the case here.

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (Doc. 171) is **DENIED AS MOOT**.

Dated this 14th day of June, 2024.

Douglas L. Rayes
United States District Judge